```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: SEP 2 6 2007
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
KASHELKAR,

        Plaintiff,

  -v-                                             No. 06 Civ. 8323 (LTS)(THK)

BLUESTONE, et al.,

        Defendants.
-----------------------------------------------------------x

LAURA TAYLOR SWAIN, UNITED STATES DISTRICT JUDGE

**MEMORANDUM OPINION AND ORDER ADOPTING, IN PART, REPORT AND RECOMMENDATION**

In this civil rights action, pro se plaintiff Ashok Kashelkar ("Plaintiff") alleges that the defendants, who comprise attorneys who represented parties previously sued by Plaintiff, the law firm which employed an attorney who represented a party previously sued by Plaintiff, and six "Doe" defendants (collectively, "Defendants"), violated his Constitutional rights in connection with the prior litigation. The undersigned referred to Magistrate Judge Theodore H. Katz for Report and Recommendation, in accordance with 28 U.S.C. § 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), and Rule 72.1(d) of the Southern District of New York Local Civil Rules, the motions of defendants Sandback, Birnbaum & Michelin ("SBM"), Bluestone, and Hecht to dismiss the complaint for failure to state a claim. Defendants Bluestone and SBM also moved to enjoin Plaintiff from pursuing any further litigation against them without leave of court, and for the imposition of sanctions on Plaintiff pursuant to Federal Rule of Civil Procedure 11.

R&R.WPD   VERSION 9/26/07

Copies faxed/mailed to Defs; mailed to Pl. pro se
Chambers of Judge Swain   cc HT
9/26/07

On July 25, 2007, Judge Katz issued an extensive and thorough Report and Recommendation ("Report") recommending that Plaintiff's federal claims be dismissed and that the Court either dismiss Plaintiff's state law claims on the merits, or decline to exercise supplemental jurisdiction of those claims. Judge Katz further recommends that Plaintiff be enjoined from commencing, without leave of the Court, any federal action relating to Defendants' role as attorneys, except to seek appellate review of this decision, and that Plaintiff be enjoined from filing any such state court action against Defendants without appending the Court's Memorandum Opinion and Order. Finally, Judge Katz recommends that Defendants' Rule 11 motions for sanctions be denied. Plaintiff submitted objections to the Report.

When reviewing a Report and Recommendation, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1)(C) (West 2005). The court must make a de novo determination to the extent that a party makes specific objections to a magistrate's findings. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). To the extent, however, that a party makes only conclusory or general objections, or simply reiterates original arguments, the Court will review the Report strictly for clear error. See Pearson-Fraser v. Bell Atl., No. 01 Civ. 2343 (WK), 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003); Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992); Vargas v. Keane, No. 93 Civ. 7852 (MBM), 1994 WL 693885 at *1 (S.D.N.Y. Dec. 12, 1994). Pro se parties are generally accorded leniency when making objections. Walker v. Vaughn, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002) (quoting Vasquez v. Reynolds, No. 00 Civ. 0862, 2002 WL 417183 at *5 (S.D.N.Y. Mar. 18, 2002)). Nonetheless, even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no

party be allowed a "second bite at the apple" by simply relitigating a prior argument. Camardo, 806 F. Supp. at 381-82. The undersigned finds Plaintiff's objections specific and, accordingly, has reviewed Judge Katz's Report under the de novo standard of review.

The undersigned has reviewed thoroughly the parties' motion papers, Plaintiff's objections, the Report, and the relevant legal authority.

Plaintiff's objections to Judge Katz's conclusions that Plaintiff's federal and state claims in this action are unmeritorious are predicated on unfounded legal arguments and/or factual or legal matters that are irrelevant to the determinations at issue. In particular, no in-person hearings or evidentiary proceedings are necessary, nor are any required by law because, for the reasons carefully explained in Judge Katz's Report, Plaintiff's claims lack merit as a legal matter. The undersigned has determined, furthermore, that it is appropriate to exercise supplemental jurisdiction to rule on the merits of Plaintiff's state claims notwithstanding the dismissal of the federal claims, because all of the claims arise from the same set of operative facts and are plainly lacking in merit, and because the interests of justice would not be served by requiring Defendants to oppose those claims in a new state court litigation.

The undersigned declines, however, to adopt Judge Katz's recommendation that an injunction barring further litigation against Defendants be issued. The apparently abusive pattern here appears to be one of serial lawsuits against defense counsel following the litigation of distinct underlying disputes, rather than of repeated litigation against the same defendants. Furthermore, in light of the disposition on the merits of all of the claims asserted here, Defendants have available to them the doctrines of claim and issue preclusion as defenses in the event of further lawsuits arising from the matters at issue here. Plaintiff should note, however, that any continuation of his pattern of frivolous litigation against attorneys following losses on

the merits of his claims against their clients may prompt a future court to enjoin him from filing any such lawsuits in the future without prior permission, and/or to impose other restrictions on his ability to pursue such litigation.

Accordingly, and for substantially the reasons detailed by Judge Katz, Plaintiff's objections are overruled, and the Court adopts the Report to the extent it recommends that Plaintiff's complaint be dismissed in its entirety, with prejudice, and Defendants' motion for Rule 11 sanctions be denied. Defendants' motions to dismiss the complaint (docket entries 5, 10, and 13) are granted. Defendants' motion for sanctions pursuant to Federal Rule of Civil Procedure 11 (docket entry 10) is denied. Defendants' request that the Court restrict Plaintiff's ability to file further lawsuits against them is denied.

This Memorandum Opinion and Order terminates docket entries 5, 10, and 13. The Clerk of Court is respectfully requested to enter judgment in Defendants' favor and close this case.

SO ORDERED.

Dated: New York, New York
September 26, 2007

LAURA TAYLOR SWAIN
United States District Judge